MEGHAN CONLEY,                          )
                                        )
      Plaintiff,                    )
                                        )
v.                                      )     Case No.: 3:23-CV-128-TAV-JEM
                                        )
U.S. IMMIGRATION AND CUSTOMS            )
ENFORCEMENT,                            )
                                        )
      Defendant.                    )

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

The United States of America hereby responds to the numbered allegations in Plaintiff's Complaint on behalf of the named federal Defendant, the United States Immigration and Customs Enforcement ("ICE"). The numbered paragraphs of this Answer correspond to the numbered paragraphs of the Complaint.

## 1. SUMMARY

1.    Defendant denies the allegations contained in Paragraph 1.

2.    Defendant admits that, as of the filing date of this Complaint, ICE has not yet sent out a final response to Plaintiff's request. Defendant denies the remaining allegations contained in Paragraph 2.

3.    Defendant denies the allegations contained in Paragraph 3.

4.    The allegations of Paragraph 4 constitute conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

## 2. PARTIES

5.    Defendant lacks information sufficient to either admit or deny the allegations in Paragraph 5 and, therefore, denies the same.

1

6.      In response to the allegations contained in Paragraph 6, Defendant admits that it is an agency within the meaning of 5 U.S.C. § 552(1)(f).  Defendant states that it is in the process of searching for and obtaining the requested documents and therefore is not able to determine at this time whether all of the requested documents are in its possession. Therefore, Defendant lacks information either admit or deny the remaining allegations in Paragraph 6 and, therefore, denies the same.

## 3.  JURISDICTION AND VENUE

7.      The allegations contained in Paragraph 7 consist of conclusions of law regarding jurisdiction to which no response is required.  To the extent a response is required, Defendant admits that this Court has jurisdiction subject to the limitations of the FOIA.  The statutes cited in this paragraph speak for themselves.

8.      The allegations contained in Paragraph 8 consist of conclusions of law regarding venue to which no response is required.  To the extent a response is required, Defendant admits that 5 U.S.C. § 552(a)(4)(B) governs venue in actions brought pursuant to FOIA and that venue is proper in this Court.

9.      The allegations in Paragraph 9 consists of Plaintiff's conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 9.

## 4.  FACTS

10.      The allegations in Paragraph 10 do not set forth a claim for relief or state facts in support of a claim to which a response is required.  To the extent a response is required, Defendant lacks sufficient information to either admit or deny the allegations in Paragraph 10 and, therefore, denies the same.

2

11. The first allegation in Paragraph 11 does not set forth a claim for relief or state facts in support of a claim to which a response is required. To the extent a response is required, Defendant lacks sufficient information to either admit or deny the first allegation in Paragraph 11 and, therefore, denies the same. Defendant denies the remaining allegations in Paragraph 11.

12. Defendant denies the allegations in Paragraph 12.

*A. A year ago, Plaintiff requested records from Defendant; Defendant effectively ignored and continues to ignore Plaintiff's request.[1]*

13. Defendant admits that on April 28, 2022, Plaintiff, through her attorney made FOIA request 2022-ICFO-17209. Plaintiff's FOIA request speaks for itself.

14. Defendant lacks sufficient information to either admit or deny the allegations in Paragraph 14 and, therefore, denies the same.

15. In response to the allegations contained in Paragraph 15, Defendant admits that it responded on May 26, 2022. The correspondence speaks for itself. Defendant denies that it violated FOIA.

16. The first allegation contained in Paragraph 16 consists of Plaintiff's legal conclusion to which no response is required. To the extent a response is required, Defendant denies the first allegation in Paragraph 16. As to the remaining allegations contained in Paragraph 16, the statute cited in this paragraph speaks for itself.

17. Defendant admits that Plaintiff emailed it on August 8, 2022. The correspondence speaks for itself.

18. Defendant admits the allegations contained in Paragraph 18.

---

[1] This appears to be a heading to which no response is required. There are several alpha-numbered, italicized headings throughout the Complaint. For ease of reference, Defendant's Answer replicates the headings exactly as they appear in the Complaint. To the extent a response is deemed required and to the extent these headings could be construed to contain factual allegations, those allegations are all denied.

19. Defendant admits the allegations contained in Paragraph 19.

20. Defendant denies the allegations contained in Paragraph 20.

21. Defendant admits the allegations contained in Paragraph 21.

22. Defendant denies the allegations contained in paragraph 22.

*B. Despite Plaintiff's successful appeal, Defendant ignores and continues to ignore its own order to process Plaintiff's FOIA request.[2]*

23. Defendant admits that, as of the filing date of this Complaint, ICE has not yet sent out a final response to Plaintiff's request. Defendant admits that ICE received an appeal from Plaintiff on or about January 17, 2023, and respectfully refers the Court to the appeal for a complete and accurate description of its contents.

24. In response to the allegations in Paragraph 24, Defendant states that the correspondence is dated February 2, 2023. Defendant further states that the correspondence speaks for itself.

25. Defendant denies as stated the allegations contained in Paragraph 25.

26. Defendant denies the allegations contained in Paragraph 26.

27. Defendant denies the allegations contained in Paragraph 27.

28. Defendant admits the allegations contained in Paragraph 28.

29. Defendant denies the allegations contained in Paragraph 29.

30. Defendant denies the allegations contained in Paragraph 30.

31. Defendant denies the allegations contained in Paragraph 31.

32. In response to the allegations contained in Paragraph 32, Defendant admits that Plaintiff filed an appeal. Defendant denies the remaining allegations contained in Paragraph 32.

---

[2] This appears to be a heading to which no response is required. To the extent a response is deemed required and to the extent this heading could be construed to contain factual allegations, those allegations are all denied.

4

33. The allegations in Paragraph 33 consists of Plaintiff's conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 33. Further, to the extent Plaintiff purports to quote FOIA, the statute speaks for itself.

> *C. Should this case reveal further evidence that Plaintiff was targeted by Defendant's agents, this Court should initiate an investigation into Defendant's arbitrary and capricious withholding of records.[3]*

34. In response to the first allegation contained in Paragraph 34, Defendant states that the statute speaks for itself. The remaining allegations contained in Paragraph 34 consist of Plaintiff's conclusions of law to which no response is required. To the extent a response if required, Defendant denies the allegations contained in Paragraph 34.

35. The allegations contained in Paragraph 35 consist of Plaintiff's conclusions of law to which no response is required. To the extent a response if required, Defendant denies the allegations contained in Paragraph 35.

36. Defendant denies the allegations contained in Paragraph 36.

37. Defendant denies the allegations contained in Paragraph 37.

38. Defendant lacks information sufficient to either admit or deny the allegations in Paragraph 38 and, therefore, denies the same.

39. Defendant lacks information sufficient to either admit or deny the allegations in Paragraph 39 and, therefore, denies the same.

40. Defendant lacks information sufficient to either admit or deny the allegations in Paragraph 40 and, therefore, denies the same.

41. Defendant lacks information sufficient to either admit or deny the allegations in

---

[3] This appears to be a heading to which no response is required. To the extent a response is deemed required and to the extent this heading could be construed to contain factual allegations, those allegations are all denied.

5

Paragraph 41 and, therefore, denies the same.

42.     Defendant lacks information sufficient to either admit or deny the allegations in Paragraph 42 and, therefore, denies the same.

> *D.  A local ICE agent defamed Plaintiff and threatened a public university with surveillance and repercussions should they fail to punish Plaintiff for "enticing violence against the Government and Law Enforcement employees."[4]*

43.     Defendant lacks information sufficient to either admit or deny the allegations in Paragraph 43 and, therefore, denies the same.

44.     In response to the allegations contained in Paragraph 44, Defendant states that the referenced email speaks for itself.

45.     The allegations contained in Paragraph 45 do not set forth a claim for relief or aver facts in support of a claim to which a response is required.  To the extent that a response is required, Defendant lacks information sufficient to either admit or deny the first allegation in Paragraph 45 and, therefore, denies same.  Defendant denies the remaining allegation in Paragraph 45.

46.     Defendant lacks information sufficient to either admit or deny the allegations in Paragraph 46 and, therefore, denies the same.

47.     In response to the allegations contained in Paragraph 47, Defendant states that the referenced email speaks for itself.

48.     In response to the allegations contained in Paragraph 48, Defendant states that the referenced email speaks for itself.

49.     In response to the allegations contained in Paragraph 49, Defendant states that the referenced email speaks for itself.

---

[4] This appears to be a heading to which no response is required.  To the extent a response is deemed required and to the extent this heading could be construed to contain factual allegations, those allegations are all denied.

50. Defendant lacks information sufficient to either admit or deny the allegations in Paragraph 50 and, therefore, denies the same.

51. The allegations contained in Paragraph 51 do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as the truth of the allegations, and therefore denies the allegations. Defendant admits that this lawsuit involves the FOIA request, 2022-ICFO-17209, which Defendant submitted on April 28, 2022. Plaintiff's other FOIA requests are not subject to this litigation.

52. The allegations contained in Paragraph 52 do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as the truth of the allegations, and therefore denies the allegations. Defendant admits that this lawsuit involves the FOIA request, 2022-ICFO-17209, which Defendant submitted on April 28, 2022. Plaintiff's other FOIA requests are not subject to this litigation.

> E. An ICE agent's unprecedent threat of reprisal against a university and attempt to retaliate against an academic weigh in favor of a Special Counsel investigation.[5]

53. Defendant lacks information sufficient to either admit or deny the allegations in Paragraph 53 and, therefore, denies the same.

54. Defendant lacks information sufficient to either admit or deny the allegations in Paragraph 54 and, therefore, denies the same.

55. Defendant lacks information sufficient to either admit or deny the allegations in Paragraph 55 and, therefore, denies the same.

---

[5] This appears to be a heading to which no response is required. To the extent a response is deemed required and to the extent this heading could be construed to contain factual allegations, those allegations are all denied.

56. Defendant denies the allegations contained in Paragraph 56.

57. Defendant denies the allegations contained in Paragraph 57.

58. The allegations contained in Paragraph 58 consist of Plaintiff's conclusions of law to which no response is required. To the extent a response if required, Defendant denies the allegations contained in Paragraph 58.

59. Defendant denies the allegations contained in Paragraph 59.

60. The allegations contained in Paragraph 60 consist of Plaintiff's conclusions of law to which no response is required. To the extent a response if required, Defendant denies the allegations contained in Paragraph 60.

## CLAIMS FOR RELIEF

**Count I: VIOLATIONS OF 5 U.S.C. § 552(a)(6)(A): Violation of FOIA Deadlines and Response Requirements**

61. Defendant incorporates by reference its response to Paragraphs 1 through 60 as if set forth fully herein.

62. The allegations contained in Paragraph 62 consist of Plaintiff's conclusions of law to which no response is required. To the extent a response if required, Defendant denies the allegations contained in Paragraph 62. The statute cited in this paragraph speaks for itself.

63. The allegations contained in Paragraph 63 consist of Plaintiff's conclusions of law to which no response is required. To the extent a response if required, Defendant denies the allegations contained in Paragraph 63.

64. Defendant denies the allegations contained in Paragraph 64.

65. Defendant denies the allegations contained in Paragraph 65.

66. Defendant denies the allegations contained in Paragraph 66.

67. Defendant denies the allegations contained in Paragraph 67.

8

68. Defendant denies the allegations contained in Paragraph 68.

69. Defendant denies the allegations contained in Paragraph 69.

**Count II: VIOLATIONS OF 5 U.S.C. § 552(a)(6)(A): Violation of FOIA Deadlines and Response Requirements**

70. Defendant denies the allegations contained in Paragraph 70.

71. Defendant denies the allegations contained in Paragraph 71.

72. Defendant denies the allegations contained in Paragraph 72.

73. Defendant denies the allegations contained in Paragraph 73.

74. Defendant denies the allegations contained in Paragraph 74.

**Count III: VIOLATIONS OF 5 U.S.C. § 552(a)(6)(E): Failure to Expedite Processing**

75. The allegations contained in Paragraph 75 consist of Plaintiff's conclusions of law to which no response is required. To the extent a response if required, Defendant denies the allegations contained in Paragraph 75. The statute cited speaks for itself.

76. The allegations contained in Paragraph 76 consist of Plaintiff's conclusions of law to which no response is required. To the extent a response if required, Defendant denies the allegations contained in Paragraph 76. The statute referenced speaks for itself.

77. Defendant denies the allegations contained in Paragraph 77.

78. In response to the allegations contained in Paragraph 78, Defendant denies that Plaintiff is entitled to the requested relief.

9

**PRAYER FOR RELIEF**

The remaining Paragraphs 1 through 6 of the Complaint following the "WHEREFORE" clause, contain Plaintiff's requests for relief and do not require a response; to the extent that a response is required, Defendant denies that Plaintiff is entitled to any relief

**AFFIRMATIVE DEFENSES**

1.  Plaintiff has failed to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).

2.  This Court lacks subject-matter jurisdiction to award relief that exceeds that authorized by FOIA.

3.  This Court lacks jurisdiction over any matter to the extent Plaintiff failed to satisfy the prerequisites to filing suit, as well as, over any requests not contained within the FOIA requests.

4.  Plaintiff has failed to exhaust administrative remedies.

5.  Plaintiff has not alleged a sufficient factual or legal basis for her request for costs and/or attorney's fees.

6.  At all times alleged in the Complaint, Defendant was acting in good faith, with justification, and pursuant to authority.

7.  FOIA does not authorize injunctive relief.

8.  There is no provision in FOIA for obtaining declaratory relief.

9.  Defendant cannot produce documents that FOIA exempts from disclosure. Disclosure of such information is not required or permitted.  Some or all of the requested documents may be exempt from disclosure in whole or in part under FOIA and/or the Privacy Act, 5. U.S.C. § 552a, *et seq.*

10

10. Plaintiff's FOIA requests do not reasonably describe the records sought as required by FOIA.

11. Defendant reserves the right to plead such additional defenses as may become known through investigation, discovery, research and otherwise.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant prays that Plaintiff's Complaint be dismissed with prejudice, or, in the alternative, judgment be entered for Defendant, that Plaintiff be denied any and all relief, and that Defendant be granted such other further relief as the Court deems appropriate.

Respectfully submitted,

FRANCIS M. HAMILTON III
United States Attorney

*s/ Nicole A. Gross*
Nicole A. Gross (Virginia Bar No. 93038)
Assistant United States Attorney
800 Market Street, Suite 211
Knoxville, Tennessee 37902
(865) 545-4167
Nikki.Gross@usdoj.gov

11