UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MEGHAN CONLEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: 3:23-CV-128-TAV-JEM |
| U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, | ) ) ) ) |
| Defendant. | ) ) |

**JOINT REPORT OF THE RULE 26(f) PLANNING MEETING**

Plaintiff, by and through counsel, and the United States, Immigration and Customs Enforcement, by and through Francis M. Hamilton III, United States Attorney for the Eastern District of Tennessee, pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and the Court's Order dated August 22, 2023 (Doc. 16), hereby submit this Joint Report of the Rule 26(f) Planning Meeting.

1. **Synopsis of the case:** The following persons participated in a Rule 26(f) conference by on August 4, 2023, by telephone:

   - Andrew F. Fels, counsel for Plaintiff; and
   - Nicole A. Gross, Assistant U.S. Attorney, counsel for the United States.

   to discuss the issues set forth in Rule 26(f)(2) and the Court's Scheduling Order. In doing so, the parties jointly report to the Court that:

   - This is a Freedom of Information Act ("FOIA") case concerning FOIA request 2022-ICFO-17209 sent by Plaintiff Meghan Conley on April 28, 2022, seeking correspondences made in 2017-2022 between ICE and Knox County Sheriff's Office employees regarding the negotiation and signing of ICE 287(g)

1

agreements or ICE IGSAs. Plaintiff alleges that Defendant violated FOIA deadlines and response requirements. Defendant denies Plaintiff's allegations and further states that the documents have since been produced.[1]

- In this case, the subject matter jurisdiction of the Court has been invoked by Plaintiff pursuant to 28 U.S.C. § 1331 (federal question) and 5 U.S.C. § 552(a)(4)(B) (FOIA). Additionally, Plaintiff's request for declaratory judgment is subject to this Court's subject matter jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(F), 28 U.S.C. §§ 1331, 2201(a), 2202 (declaratory judgment).

- This case should be ready for trial by the scheduled trial date of **November 5, 2024**, and will take **2 days** to complete. Plaintiff is not entitled to a jury.

- The parties are not aware of any issues regarding the preservation of discoverable information.

2. **Initial Disclosures**: The parties will exchange their Rule 26(a)(1) initial disclosures on or before **September 16, 2023**.

3. **Discovery Plan**: The parties have reached an agreement on the following issues:

    - The parties discussed the possibility of settlement as well as the need for dispositive motions in the event settlement is unsuccessful. Thereafter, should any claims survive, the Parties will need discovery regarding the allegations raised in the Plaintiff's Complaint, the Defendant's defenses, and Plaintiff's alleged damages.
        - Discovery will be completed on or before **July 8, 2024**, or as otherwise ordered by the Court.

---

[1] This synopsis contains the subjective assessments of each side as to the claims and defenses presented. Nothing herein represents a concession by a party or ruling on the part of the Court.

- o The parties do not anticipate conducting discovery in phases or limiting discovery to particular issues.
- At this time, the parties are unaware of any issue about disclosure, discovery, or preservation of electronically stored information ("ESI"). The parties have agreed to the following regarding ESI:
  - o The parties agree relevant ESI will be produced only in .pdf format. Any responsive information found in hardcopy paper will be scanned to .pdf. Relevant ESI need not be produced in native format. The parties may produce all documents in this case, including ESI on a disk, flash drive, and/or by email transmission through appropriately secure means.
  - o The parties do not anticipate large volumes of electronically stored information. Any ESI may be produced in PDF format by email transmission or by exchanging a flash drive or disc, through appropriately secure means, consistent with the Federal Rules of Civil Procedure. Each party is aware of their duty to preserve ESI, and Plaintiffs are aware that they should preserve any social media, including Facebook, and other ESI.
- Regarding a protective order, the Parties agree that they may request entry of an applicable protective order prior to production of electronic information or other materials that may be subject to the Federal Privacy Act or prior to production of any confidential medical records.
  - o If electronic information or other material that is subject to a claim of privilege or protection as trial preparation material is produced in discovery, the party asserting such claim may notify any party that received the

3

information of that claim, including the basis for the claim; and after being notified, a party receiving the information subject to such claim must promptly return, sequester, or destroy the specified information and any copies of it, and may not use or disclose the information until the claim is resolved either by the Court or by agreement of the parties.

- At this time, the parties do not anticipate any changes in the limitations on discovery imposed by the Federal Rules of Civil Procedure or this Court's local rules, including with respect to interrogatories, requests for production, and depositions.

- Plaintiff will make her Rule 26(a)(2) expert disclosures on or before **May 9, 2024**, or as otherwise ordered by the Court. Defendant will make its Rule 26(a)(2) expert disclosures on or before **June 8, 2024**, or as otherwise ordered by the Court. The parties will file Daubert objections to an opposing party's proposed expert on or before **July 8, 2024**, or as otherwise ordered by the Court. The Parties will supplement these disclosures when required under Fed. R. Civ. P. 26(e).

4. <u>**Other items**</u>**:**

    - The final pretrial conference will occur on **October 29, 2024 at 1:30 p.m**.

    - The Parties should add parties or amend pleadings on or before **June 8, 2024**, one hundred and fifty (150) days before trial, unless Defendant is answering a pleading filed by Plaintiff in which the Federal Rules of Civil Procedure shall apply.

    - Dispositive motions should be filed as soon as possible, but in any event no later than **June 8, 2024**, one hundred and fifty (150) days before trial.

    - Motions *in Limine* should be filed on or before **October 6, 2024**, thirty (30) days before trial.

4

Case 3:23-cv-00128-TAV-JEM   Document 17   Filed 09/08/23   Page 4 of 5   PageID #: 79

- The Parties discussed the possibility of settlement during the Rule 26(f) conference and will continue to do so throughout litigation.

- If the parties attempt to settle the case, then they will likely attempt to do so through informal discussions between counsel and/or mediation with a private mediator.

- The parties will submit their Rule 26(a)(3) witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibits lists on or before **September 22, 2024**, forty-five days before trial. Within five days of service of a final witness list, such list may be supplemented.

Respectfully submitted this on the 8th day of September, 2023.

**MEGHAN CONLEY**
**Plaintiff**

*/s/ Andrew Fels*

Andrew Fels, (BPR No. 036005)
3214 Fountain Park Blvd.
Knoxville, Tennessee 37917
865-567-4881
andrewchristianfels@gmail.com

**FRANCIS M. HAMILTON III**
**United States Attorney**

*/s/ Nicole A. Gross*
Nicole A. Gross (VA Bar No. 93038)
Assistant United States Attorney
800 Market Street, Suite 211
Knoxville, Tennessee 37902
Nikki.Gross@usdoj.gov
(865) 545-4167