UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MEGHAN CONLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 3:23-CV-128-TAV-JEM |
| | ) |
| U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, | ) |
| | ) |
| Defendant. | ) |

**RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION FOR JUDGMENT ON THE PLEADINGS**

COMES NOW, the United States on behalf of its agency the U.S. Immigration and Customs Enforcement ("ICE"), by and through Francis M. Hamilton III, United States Attorney for the Eastern District of Tennessee, and hereby submits its Response in Opposition to Plaintiff's Motion for Judgment on the Pleadings.

### INTRODUCTION

Plaintiff Meghan Conley filed a Motion for Judgment on the Pleadings under Rule 12(c) of the Federal Rules of Civil Procedure, claiming that "while Plaintiff and ICE have had subsequent interactions [since the filing of this Complaint], including the production of records, the central question is whether ICE has ever cured its failure to provide and appropriate final response." (Doc. 18 at 4.) Specifically, Plaintiff "seeks judgment on the pleadings that ICE has violated Freedom of Information Act ("FOIA") by failing to issue a timely final determination and then provide her with timely access to responsive records. She thus asks this Court to order ICE to conduct a complete search, issue a final response, and if necessary, produce [ ] responsive records." (*Id.* at 1.) In support of her Motion, Plaintiff maintains that ICE admitted that as of the

date of the filing of the Complaint, it had not yet sent its final response to Plaintiff's FOIA request. (*Id.*) In Plaintiff's view, this Court should declare that ICE has violated FOIA and order ICE to promptly produce all responsive, non-exempt documents. But, Plaintiff has conflated two different concepts from the text of FOIA in an effort to bypass a determination of the merits of this case. Defendant's Answer and asserted defenses makes clear that on the pleadings there is a factual dispute and thus Plaintiff's Motion for Judgment on the Pleadings must be denied.[1]

## STANDARD OF REVIEW

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion on the pleadings under Rule 12(c) is governed by the same standard as a motion to dismiss under Rule 12(b)(6). *Monroe Retail, Inc. v. RBS Citizens, N.A.*, 589 F.3d 274, 279 (6th Cir. 2009); *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 511 (6th Cir. 2001); *Mixon v. Ohio*, 193 F.3d 389, 399 751–52 (6th Cir. 1999) (applying the 12(b)(6) standard to the plaintiff's motion for judgment on the pleadings). Like a Rule 12(b)(6) motion, a Rule 12(c) motion does not address the merits of the claims set forth in the complaint. *See Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978). Stated another way, "[f]or purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (citing *S. Ohio Bank v. Merrill Lynch, Pierce, Fenner*

---

[1] Defendant notes that at that early stage based *solely on the pleadings*, it is clear there is a dispute amongst the parties concerning the production of documents under FOIA. However, Defendant anticipates filing a Motion for Summary Judgment based on the current stage of the litigation as Plaintiff's Complaint is now moot given Defendant's full and final production of non-exempt, non-privileged documents. This argument will be fully briefed in Defendant's forthcoming Motion for Summary Judgment.

*& Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973)) *see also Bass v. Hoagland*, 172 F.2d 205, 207 (5th Cir. 1949) ("[T]he fact allegations of the answer are to be taken as true, but those of the complaint are taken as true only where and to the extent that they do not conflict with those of the answer."). When the plaintiff, as opposed to the defendant, moves for judgment on the pleadings, courts ask "whether the plaintiff's petition, stripped of those allegations which are denied by the defendant's answer, would leave the petition stating a cause of action against the defendant." 61A Am. Jur. 2d Pleading § 497 ("[A]ll allegations of the moving party which have been denied or controverted are taken as false."). After accepting plaintiff's well-pleaded allegations as true and construing the pleadings in a light most favorable to the defendant, courts will then grant a plaintiff's motion only if the plaintiff is "nevertheless clearly entitled to judgment." *S. Ohio Bank*, 479 F. 2d at 480. Based on the pleadings, Plaintiff is not entitled to judgment because Defendant's Answer sets forth affirmative defenses that dispute Plaintiff's asserted claims.

## LAW AND ARGUMENT

Plaintiff points only to Paragraph 23 in Defendant's Answer to claim that no material issues of fact remain to be decided by the Court, and therefore, the Court should "order ICE to conduct a complete search, issue a final response, and, if necessary, produce her responsive records." (Doc. 18 at 1.) Specifically, Paragraph 23 of Plaintiff's Complaint alleges that "[b]y January 17, 2023, Defendant had issued no statutorily required response to Plaintiff's request. Plaintiff appealed Defendant's failure to provide records in a timely manner." (Doc. 1 at 4 ¶ 23.) Plaintiff is correct that, as of the date of the filing of the Complaint, Defendant had not produced any documents responsive to Plaintiff's request and Defendant admits the same in its Answer. (Doc. 13 at 4 ¶ 23.) However, this admission does not entitle Plaintiff to the relief she requests. Defendant denied, and continues to deny, that it has violated FOIA. (Doc. 13 at 8–9 ¶¶ 62–29.) Furthermore, and most

importantly, in its Answer, Defendant asserted that it "cannot produce documents that FOIA exempts from disclosure. Disclosure of such information is not required or permitted. Some or all of the documents may be exempt from disclosure in whole or in part under FOIA and/or the Privacy Act, 5 U.S.C. § 552a, *et seq.*" (*Id.* at 10 ¶ 9.) Therefore, based on Defendant's Answer and affirmative defense, it would be impossible for the Court to conclude from the pleadings that Defendant improperly withheld agency records.

Further, Plaintiff mistakenly contends that there is no dispute because "the parties agree that ICE failed to issue an appropriate final response satisfying the statutory determination requirement." This is incorrect. Defendant admitted in its Answer that *as of the date of the filing of the Complaint*, it had not yet sent out a final response, but that statement in no way means that a full and complete production has not occurred at this point in time and thus a motion for judgment on the pleadings is inappropriate. [2] That notwithstanding, whether Defendant complied with 5 U.S.C. § 552(a)(6)(A) has no bearing on whether it improperly withheld documents. Instead, an agency's failure to comply with the 20-day determination timeframe outlined in 5 U.S.C. §552(a)(6)(A), simply provides the requester with a direct path to judicial review through the concept of "constructive exhaustion" of administrative remedies. *Carter v. United States*, 2017 WL 1044771, *5 (S.D. Ohio Mar. 20, 2017); *see also* 5 U.S.C. § 552 (a)(6)(C)(i). The penalty for an agency's failure to comply with the 20-day determination requirement is that an agency loses its ability to administratively handle the request and can be sued in district court. 5 U.S.C. § 552 (a)(6)(C)(i). It does not, in fact, entitle a party to actual production of records.

Plaintiff also contends that the central question is whether ICE has ever cured its failure to

---

[2] As noted above in footnote 1, Defendant is filing a forthcoming Motion for Summary Judgment on the basis that the documents have been produced and a full and adequate search has since been conducted.

provide an appropriate response. (Doc. 18 at 4.) Indeed, the question before the Court centers on development of the facts and circumstances of Defendant's processing and response Plaintiff's FOIA request and will result in a determination as to whether ICE's efforts are in compliance with FOIA's standards upon a Motion for Summary Judgment. Defendant has not admitted to any violations of FOIA; instead, Defendant has admitted only to not having provided any responsive documents as of the date of the Complaint. FOIA's meaning of "promptly" requires the development and analysis of disputed facts. Additionally, whether a the defendant made a "good faith effort to conduct a search for the requested records using methods reasonably expected to produce the requested information" and that any withholding of materials was authorized by statutory exemption" are considerations to be made while evaluating the facts and circumstances of each specific case. *CareToLive v. FDA*, 631 F3d 336, 341 (6th Cir. 2011). Plaintiff's Complaint, stripped of the allegations denied by Defendant's Answer coupled with its affirmative defense concerning production of documents, demonstrates a dispute remains, and thus, judgment on the pleadings is inappropriate.

## CONCLUSION

In conclusion, because Defendant's Answer and affirmative defenses demonstrate that a dispute exists and consideration of the issues requires evidence outside the pleadings, this Court should deny Plaintiff's Motion for Judgment on the Pleadings.

**Respectfully submitted,**

FRANCIS M. HAMILTON III
United States Attorney

By: /s/ Nicole A. Gross
Nicole A. Gross, (Virginia Bar No. 93038)
Assistant United States Attorney

800 Market Street, Suite 211  
Knoxville, Tennessee 37902  
Nikki.Gross@usdoj.gov  
Telephone: (865) 545-4167

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 9, 2024, a copy of the foregoing **Response in Opposition to Plaintiff's Motion for Judgment on the Pleadings** was electronically filed. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

*/s/ Nicole A. Gross*  
Nicole A. Gross  
Assistant United States Attorney